**NOT FOR PUBLICATION**

```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| SERVINE JACKSON, : | |
| : | Civil Action No. 12-7538 (NLH) |
| Plaintiff, : | |
| : | |
| v. : | **OPINION** |
| : | |
| CAMDEN COUNTY CORRECTIONAL : | |
| FACILITY, et al., : | |
| : | |
| Defendants. : | |

**APPEARANCES:**

    SERVINE JACKSON, Plaintiff pro se
    #769422
    South Woods State Prison
    215 Burlington Road
    Bridgeton, New Jersey 08302

**HILLMAN**, District Judge

    Plaintiff, Servine Jackson, a state inmate confined at the South Woods State Prison in Bridgeton, New Jersey, at the time he filed this Complaint, seeks to bring this action *in forma pauperis*. Based on his affidavit of indigence, the Court will grant plaintiff's application to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) (1998) and order the Clerk of the Court to file the Complaint.

    At this time, the Court must review the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, to determine whether it

should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the reasons set forth below, the Court concludes that the Complaint should be dismissed at this time.

## I.   BACKGROUND

Plaintiff, Servine Jackson ("Plaintiff"), brings this civil action, pursuant to 42 U.S.C. § 1983, against the following defendants, the Camden County Correctional Facility ("CCCF"); the Freeholders of Camden County; and the CCCF Medical Provider. (Complaint, Caption, ¶¶ 4b, 4c and 6.)  The following factual allegations are taken from the Complaint, and are accepted for purposes of this screening only.  The Court has made no findings as to the veracity of Plaintiff's allegations.

Plaintiff alleges that, on or about December 15, 2011, while he was confined at the CCCF, he was given a tuberculosis ("TB") test, which showed Plaintiff was positive for TB. Consequently, Plaintiff was given medication for treatment of the TB that caused liver problems, so the treatment was discontinued.  Thereafter, in May 2012, after Plaintiff was transferred to the Central Reception and Assignment Facility ("CRAF"), he was re-tested for TB and the results showed negative.  Plaintiff concludes that he never had TB and thus

2

sues for "misdiagnosis." (Compl., ¶ 6.) Plaintiff seeks $1 million in damages. (Compl., ¶ 7.)

## II.  STANDARDS FOR A SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity. The Court is required to identify cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.  This action is subject to *sua sponte* screening for dismissal under both 28 U.S.C. § 1915(e)(2)(B) and § 1915A.

For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007)).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a [party] has acted unlawfully."  *Iqbal*, 556 U.S. at 678.  Notably, the court is not required to accept

3

"legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.  In other words, a civil complaint must now allege "sufficient factual matter" to show that the claim is facially plausible.  This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009)(citing *Iqbal*, 556 U.S. at 676).  *See also Bistrian v. Levi*, 2012 WL 4335958, *8 (3d Cir. Sept. 24, 2012)(allegations that are no more than conclusions are not entitled to the assumption of truth; a court should "look for well-pled factual allegations, assume their veracity, and then 'determine whether they plausibly give rise to an entitlement to relief.'")(quoting, *Iqbal*, 556 U.S. at 679).

This inquiry is "normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).  In determining the sufficiency of a pro se complaint, however, the Court must be mindful to construe it liberally in favor of the plaintiff. *See Erickson v. Pardus*,

4

551 U.S. 89, 93-94 (2007); *see also United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992).

Finally, the Third Circuit recently cautioned that *Twombly* and *Iqbal* "do not provide a panacea for defendants," rather, "they merely require that plaintiff raise a 'plausible claim for relief.'" *Covington v. International Association of Approved Basketball Officials*, ___ F.3d ___, 2013 WL 979067, *2 (3d Cir. March 14, 2013)(quoting *Iqbal*, 556 U.S. at 679). Thus, factual allegations must be more than speculative, but the pleading standard "is not akin to a 'probability requirement.'" *Covington, supra* (quoting *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 556).

### III.  SECTION 1983 ACTIONS

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the

5

alleged deprivation was committed or caused by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255-56 (3d Cir. 1994). *See also Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

## IV. DISCUSSION

Plaintiff alleges simply that he was misdiagnosed with TB by the medical staff at CCCF. It would appear that Plaintiff was a pretrial detainee at the time of the misdiagnosis and resulting medication he received for treatment of TB. As a pretrial detainee, any medical care claims are examined under the Fourteenth Amendment's Due Process Clause. *See City of Revere v. Massachusetts General Hospital*, 463 U.S. 239, 243-45 (1983)(holding that the Due Process Clause of the Fourteenth Amendment, rather than the Eighth Amendment, controls the issue of whether prison officials must provide medical care to those confined in jail awaiting trial); *Hubbard v Taylor* ("*Hubbard I*"), 399 F.3d 150, 158 (3d Cir. 2005); *Fuentes v. Wagner*, 206 F.3d 335, 341 n. 9 (3d Cir. 2000); *Monmouth County Correctional Institutional Inmates v. Lanzaro*, 834 F.2d 326, 346 n. 31 (3d Cir. 1987), *cert. denied*, 486 U.S. 1006 (1988). *See also Montgomery v. Ray*, 145 Fed. Appx. 738, 740, 2005 WL 1995084 (3d Cir. 2005)(unpubl.)("the proper standard for examining such

claims is the standard set forth in *Bell v. Wolfish*, 441 U.S. 520 ... (1979); *i.e.*, whether the conditions of confinement (or here, inadequate medical treatment) amounted to punishment prior to adjudication of guilt ....")(citing *Hubbard I*, 399 F.3d at 158). In *Hubbard I*, the Third Circuit clarified that the Eighth Amendment standard only acts as a floor for due process inquiries into medical and non-medical conditions of pretrial detainees. 399 F.3d at 165-67.

Thus, in assessing a medical care claim by a pretrial detainee, the inquiry is whether the treatment or denial of treatment was "imposed for the purpose of punishment or whether it [was] but an incident of some other legitimate governmental purpose." *Bell v. Wolfish*, 441 U.S. at 538. "Only 'unnecessary and wanton infliction of pain' or 'deliberate indifference to the serious medical needs' of prisoners are sufficiently egregious to rise to the level of a constitutional violation." *White v. Napoleon*, 897 F.2d 103, 108-09 (3d Cir. 1990)(quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). The same standard applies to claims of inadequate medical care by pre-trial detainees. *Natale v. Camden Cnty. Correctional Facility*, 318 F.3d 575, 581 (3d Cir. 2003); *Brown v. Deparlos*, 492 Fed. Appx. 211, 214 (3d Cir. July 2, 2012).

In this case, it is plain that Plaintiff's allegations of a "misdiagnosis" of TB sound in a state law tort claim of medical malpractice or medical negligence, which are not actionable under § 1983.  *See White*, 897 F.2d at 108 (allegations of medical malpractice are not sufficient to establish a constitutional violation)(citing *Estelle*, 429 U.S. at 106); *Monmouth Cnty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 346 (3d Cir. 1987)("mere disagreement as to the proper medical treatment" does not support a claim of violation of the Eighth Amendment).  Indeed, when medical care is received, as in this case where Plaintiff received treatment for a diagnosis of TB, mere medical malpractice or disagreements over medical judgment do not amount to constitutional violations.  *McCrae v. County of Essex*, 2013 WL 1385627, *3 (D.N.J. April 2, 2013)(citing *White*, 897 F.2d at 108-10).

Therefore, this Court finds that the Complaint fails to show deliberate indifference or unnecessary and wanton infliction of pain and does not amount to a constitutional violation based on allegations that Plaintiff disagreed with the initial diagnosis and treatment of TB while he was confined at CCCF.  Accordingly, the Complaint must be dismissed with prejudice, in its entirety, as to all named defendants, for

failure to state a cognizable claim under § 1983, pursuant to 28 US.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).[1]

## V. CONCLUSION

For the reasons set forth above, the Complaint will be dismissed with prejudice, in its entirety, for failure to state a claim, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).  An appropriate order follows.

s/ Noel L. Hillman<br>
NOEL L. HILLMAN<br>
United States District Judge

At Camden, New Jersey

Dated: April 29, 2013

---

[1] The Complaint also must be dismissed as against defendants, Freeholders of Camden County because it is impermissibly based on a theory of vicarious liability.  "A defendant in a civil rights action must have personal involvement in the alleged wrongs, liability cannot be predicated solely on the operation of *respondeat superior*.  Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted).  *Accord Robinson v. City of Pittsburgh*, 120 F.3d 1286, 1293-96 (3d Cir. 1997); *Baker v. Monroe Twp.*, 50 F.3d 1186, 1190-91 (3d Cir. 1995).  *See also Mulholland v. County of Berks*, 706 F.3d 227, 237 (3d Cir. 2013)(a municipality "may not be held liable for constitutional torts under § 1983 on a vicarious liability theory rooted in respondeat superior ...).

Further, the Camden County Correctional Facility is not a proper defendant in a § 1983 action, and must be dismissed from this action. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)(confinement facility is not entity cognizable as "person" for purposes of § 1983 suit); *Grabow v. S. State Corr. Fac.*, 726 F. Supp. 537, 538-39 (D.N.J. 1989)(same).